UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIAM GONZALEZ,

                              Petitioner,

                -against-

UNITED STATES OF AMERICA,

                              Respondent.

25-CV-4337 (VEC)

19-CR-0862-20 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

Petitioner William Gonzalez, who is currently incarcerated, brings this *pro se* petition for *habeas corpus* relief pursuant to 28 U.S.C. § 2241. The Court interprets the petition to challenge both his conviction and sentence imposed in *United States v. Gonzalez*, 19-CR-0862 (S.D.N.Y.). The Court (1) informs Petitioner that it construes this matter as seeking relief under 28 U.S.C. § 2255, not Section 2241 and (2) grants Petitioner leave to withdraw his petition not later than **August 15, 2025,** if he does not want it construed as a 2255 petition. If Petitioner does not withdraw his petition, the Court also grants leave to file an amended and signed Section 2255 petition not later than **August 15, 2025**.

## BACKGROUND

Petitioner pled guilty to one count of conspiracy to distribute and possess with intent to distribute narcotics. Dkt. 791.[1] The Court sentenced Petitioner to a 17-year prison term, to be followed by a five-year supervised-release term. *Id.* Petitioner appealed, but the parties later filed a stipulation withdrawing the appeal pursuant to Federal Rule of Appellate Procedure 42. *See* Dkt. 56, *United States v. Gonzalez*, 22-1243 (2d Cir.).

---

[1]    Unless otherwise indicated, citations to the docket refer to *United States v. Gonzalez*, 19-CR-862 (S.D.N.Y.).

More than a year later, Petitioner filed a *pro se* letter requesting this Court to  appoint counsel to assist with a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241.  Dkt. 1112.  The Court denied Petitioner's request "without prejudice to renewing it as part of a complete habeas petition."  Dkt. 1115.

Several weeks later, Petitioner filed a habeas petition with the United States District Court for the Western District of Pennsylvania (the District in which he is incarcerated) challenging both his conviction and sentence.  Dkt. 1, *Gonzalez v. Warden FCI McKean*, 24-CV-0022 (W.D. Pa.).  That court found that it lacked jurisdiction to consider Petitioner's request and transferred the case to this District.  *See Gonzalez v. Warden FCI McKean*, No. 24-CV-0022, 2025 WL 1425537, at *1 (W.D. Pa. May 16, 2025).

## DISCUSSION

Because Petitioner seeks relief from both his conviction and  sentence, the Court construes the present petition, ostensibly brought under 28 U.S.C. § 2241, as a motion to vacate, set aside, or correct a federal sentence pursuant to 28 U.S.C. § 2255.  *See Jiminian v. Nash*, 245 F.3d 144, 146–47 (2d Cir. 2001) (Section 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence"); *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997) ("A petitioner seeking to challenge the legality of the *imposition* of a sentence by a [federal district] court may therefore make a claim pursuant to Section 2255.  A challenge to the *execution* of a [federal] sentence, however, is properly filed pursuant to Section 2241." (citation omitted, emphasis in original)).  Before this matter can proceed further as a Section 2255 petition, however, the Court must notify Petitioner of its intent to consider his petition under Section 2255, as well as to:

> warn . . . [him] that this recharacterization means that any subsequent [Section] 2255 motion will be subject to the restrictions on 'second or successive' [Section 2255] motions, and provide . . . [him] an opportunity

2

> to withdraw the [petition] or to amend it so that it contains all the [Section] 2255 claims he believes he has.

*Castro v. United States*, 540 U.S. 375, 383 (2003); *see Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998); *see also* 28 U.S.C. §§ 2244(b), 2255(h) (restrictions on second or successive Section 2255 motions).[2]

Accordingly, the Court hereby notifies Petitioner that it intends to proceed with this matter as a Section 2255 petition. If Petitioner does not want the Court to construe his petition as a Section 2255 petition, he must notify the Court, in writing of his request to withdraw this petition. If he does not make such a request by **August 15, 2025**, the Court will construe the petition as seeking relief pursuant to Section 2255. If Petitioner does not wish to withdraw the petition but wishes to revise it, the Court grants him leave to file an amended and signed Section 2255 motion in which he lists clearly all of the grounds upon which he contends that Section 2255 relief should be granted and the facts supporting his request for relief.[3] Any such amended Section 2255 petition must be filed not later than **August 15, 2025**.

---

[2]    A criminal defendant seeking to file a second or successive Section 2255 motion in his federal district court criminal matter must first seek the certification of the Court of Appeals that such a motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). A Section 2255 motion is second or successive and, therefore, subject to the abovementioned requirements when a previous Section 2255 motion challenging the same conviction or imposition of sentence was adjudicated on the merits. *See Corrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998).

[3]    The Court notes that the petition filed in the Western District of Pennsylvania is not signed. If Petitioner files an amended Section 2255 motion, it must be "signed under penalty of perjury." Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings in the United States District Courts.

## CONCLUSION

The Court construes this matter as one in which Petitioner seeks relief pursuant to 28 U.S.C. § 2255.  If Petitioner does not wish to pursue relief pursuant to Section 2255, he must inform the Court, in writing, of his request to withdraw the petition not later than **August 15, 2025**.  If he does not make such a request by August 15, 2025, the Court will construe his petition to be seeking relief pursuant to Section 2255.  If Petitioner does not wish to withdraw the petition but wishes to revise it, the Court grants him leave to file an amended and signed Section 2255 motion in which he lists clearly all the grounds upon which he contends that Section 2255 relief should be granted and the facts supporting his request for relief.  Any such amended Section 2255 petition must be filed not later than **August 15, 2025**.

The Clerk of the Court is respectfully directed to mail a copy of this order to Petitioner and to note mailing on the docket.  An amended Section 2255 motion form is attached to this order for Petitioner's convenience.

The Government's deadline to answer or otherwise respond to the petition is ADJOURNED *sine die*.

Because Petitioner has not, at this time, made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  *See* 28 U.S.C. § 2253.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

**Date:  June 16, 2025**
     **New York, NY**

_____
**VALERIE CAPRONI**
**United States District Judge**

4